# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3656-16T4

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

D.L.M.,

      Defendant-Appellant.

_____

Submitted October 16, 2018 – Decided  October 23, 2018

Before Judges Yannotti and Natali.

On appeal from Superior Court of New Jersey, Law Division, Burlington County, Indictment No. 04-05-0483.

D.L.M., appellant pro se.

Scott A. Coffina, Burlington County Prosecutor, attorney for respondent (Jennifer B. Paszkiewicz, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from an order entered by the Law Division on March 23, 2017, which denied his motion for post-conviction DNA testing brought pursuant to N.J.S.A. 2A:84A-32a. We affirm.

In 2004, a Burlington County grand jury charged defendant with first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(1) (counts one, three, five); second-degree endangering the welfare of a child, N.J.S.A. 2C:24-4(a) (counts two, four, six, eight, ten, twelve, fourteen); and second-degree sexual assault, N.J.S.A. 2C:14-2(b) (counts seven, nine, eleven, thirteen). The victim was the daughter of defendant's live-in girlfriend. Defendant was initially represented by an attorney, but defendant decided to represent himself at trial. The attorney then assisted defendant as stand-by counsel.

At trial, the victim positively identified defendant as the perpetrator and she testified in detail about the abuse, which began when she was eight years old. After the victim disclosed the abuse to her mother, she was taken to her family doctor, who reported the matter to the Division of Youth and Family Services (Division).[1] Dr. Martin Finkel, the medical director of the Child Abuse Research Education and Service Institute, conducted a comprehensive

---

[1] The Division is now known as the Division of Child Protection and Permanency. L. 2012, c. 16, effective June 29, 2012.

A-3656-16T4

examination of the victim.  Dr. Finkel obtained cultures from the victim's vagina to test for sexually-transmitted diseases.

The jury found defendant guilty on three counts of first-degree aggravated sexual assault, six counts of second-degree endangering the welfare of a child, three counts of second-degree sexual assault, and one count of a lesser-included offense of offensive touching, N.J.S.A. 2C:33-4(b).  The trial judge sentenced defendant to an aggregate term of sixty-years of incarceration, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2.

Defendant appealed from the judgment of conviction dated June 8, 2007.  We affirmed defendant's conviction and sentence.  State v. D.M., No. A-1050-07 (App. Div. July 21, 2010) (slip op. at 1-2).  Thereafter, the Supreme Court denied defendant's petition for certification.  State v. D.M., 204 N.J. 41 (2010).

In January 2011, defendant filed a motion for post-conviction relief (PCR).  He alleged, among other things, that counsel was ineffective because he failed to subpoena a person he identified as "Dr. Sheehan."[2]  At oral argument on his petition, defendant asserted for the first time that counsel was ineffective because he failed to obtain certain DNA evidence.

---

[2] In his brief on this appeal, defendant refers to the doctor as both "Dr. Sheehan" and "Dr. Sheenan."  It is not clear which spelling is correct.

A-3656-16T4

The PCR court denied the petition, finding that defendant's claims lacked merit and could have been raised on direct appeal. The PCR court noted that the record did not clearly identify "Dr. Sheehan." The court stated that defendant failed to articulate any reason why counsel should have subpoenaed "Dr. Sheehan" and failed to demonstrate that he was prejudiced by counsel's failure to do so. Defendant appealed from the order denying PCR, and argued, among other things, that counsel was ineffective for failing to request DNA discovery.

We affirmed the denial of PCR, holding that since "no DNA evidence was ever recovered from the victim," counsel "was not ineffective for failing to obtain discovery regarding evidence that did not exist." State v. D.L.M., No. A-0831-12 (App. Div. May 5, 2015) (slip op. at 9, 12). The Supreme Court later denied defendant's petition for certification. State v. D.L.M., 227 N.J. 237 (2016).

In March 2017, defendant filed a motion pursuant to N.J.S.A. 2A:84A-32a for post-conviction DNA testing. He claimed that the vaginal swabs Dr. Finkel obtained from the victim should be tested for the presence of his DNA. He also repeated his assertion that counsel should have subpoenaed "Dr. Sheehan."

4

Defendant claimed the subpoena was necessary to determine if "Dr. Sheehan" took vaginal cultures or swabs from the victim. He provided the court with handwritten notes, purportedly written by "Dr. Sheehan," but the notes did not mention any vaginal cultures or swabs. He also provided the court with Dr. Finkel's evaluation report, which confirmed that in 2002, the doctor had obtained the vaginal swabs from the victim to test for sexually-transmitted diseases. The trial court denied the motion without a hearing. This appeal followed.

On appeal, defendant raises the following argument:

> POINT I
> THE LOWER COURT ERRED IN DENYING PETITIONER'S MOTION FOR POST-CONVICTION DNA TESTING WHEN IT FAILED TO CONDUCT A HEARING IN ACCORDANCE WITH N.J.S.A. 2A:84A-32[a] WHICH DEPRIVED PETITIONER OF HIS FOURTEENTH AMENDMENT DUE PROCESS RIGHT TO A FAIR HEARING.

"A trial court's decision regarding N.J.S.A. 2A:84A-32a is premised upon the court's judgment and discretion." State v. Armour, 446 N.J. Super. 295, 306 n.4 (App. Div.), certif. denied, 228 N.J. 239 (2016). Therefore, we review the court's ruling under an "abuse of discretion" standard. Ibid. On appeal, defendant contends that the court mistakenly exercised its discretion when it declined to hold a hearing and denied the motion. We disagree.

"N.J.S.A. 2A:84A-32a permits a defendant serving a sentence of imprisonment to apply for post-conviction DNA testing." State v. DeMarco, 387 N.J. Super. 506, 514 (App. Div. 2006). The trial court may not consider the motion unless it finds "just cause." N.J.S.A. 2A:84A-32a(m).

The statute provides, in relevant part, that "a determination of just cause shall be based on a reasonable probability that, if the results of the requested DNA testing were favorable, a motion for a new trial based on newly discovered evidence would be granted." The statute also requires the movant to explain, among other things, "why the identity of the defendant was a significant issue in the case." N.J.S.A. 2A:84A-32a(a)(1)(a). The movant must "make every reasonable attempt to identify . . . the evidence that should be tested." N.J.S.A. 2A:84A-32a(a)(1)(d).

"The court, in its discretion, may order a hearing on the motion." N.J.S.A. 2A:84A-32a(b). However, the court "shall not grant the motion . . . unless, after conducting a hearing," it determines that eight statutory criteria have been met. N.J.S.A. 2A:84A-32a(d)(1) to (8). The criteria include a showing that "the evidence to be tested is available and in a condition that would permit the DNA testing that is requested in the motion," a showing that "the identity of the defendant was a significant issue in the case," and "a prima facie showing that

6

A-3656-16T4

the evidence sought to be tested is material to the issue of the convicted person's identity as the offender." N.J.S.A. 2A:84A-32a(d)(1), (3), (4).

Here, the trial court correctly declined to hold a hearing and denied the motion because defendant failed to show that his identity was a significant issue in the case and that the evidence he sought to have tested is available for testing. The record before us on appeal provides no support whatsoever for the conclusion that defendant's identity was a significant issue during trial. Indeed, defendant never claimed that someone else had committed the crimes for which he was convicted. As noted, at trial, the victim positively identified defendant as the perpetrator and testified in detail about the abuse. In addition, defendant failed to show that the evidence he sought to be tested is available for testing.

Furthermore, the trial court correctly found that Rule 3:22-5 bars defendant from re-litigating his related claim of ineffective assistance of counsel because in the prior PCR proceeding, defendant had raised that claim and it had been rejected by the PCR court. We affirmed the PCR court's decision. D.L.M., No. A-0831-12, slip op. at 9. In that appeal, we noted that no DNA evidence had been recovered from the victim, and counsel was not ineffective because he failed to obtain discovery regarding evidence that did not exist. Ibid.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3656-16T4